**E.L. PRANGE, Jr., and Marilyn Prange, Respondents,**

v.

**Don PRANGE, Gary Prange, Kevin Prange and Emerson L. Prange, Appellants.**

No. 55835.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 30, 1990.

Rehearing Denied March 7, 1990.

Charles E. Rendlen, Hannibal, for appellants.

Tom B. Brown, Edina, for respondents.

HAMILTON, Judge.

Appellants, Don, Gary, Kevin, and Emerson Prange, appeal the order of November 21, 1988, amending the judgment of February 3, 1986. On February 3, 1986, the trial court determined the distribution of assets of a family farm partnership that dissolved March 1, 1984. The 1988 amending order followed this Court's remand for calculation of the value of a promissory note executed by Respondent, E.L. Prange, Jr. (hereinafter E.L.). On remand, the lower court calculated simple interest at six percent, the legal rate at the note's date of issue.

The details of how the partnership formed, evolved, and dissolved are included in the earlier opinion of this Court and are repeated only as they relate to the issues on appeal. *See Prange v. Prange,* 755 S.W.2d 581, 584–85 (Mo.App.1987) (hereinafter *Prange I*). In 1956, Emerson Prange (hereinafter Emerson), Don Prange (hereinafter Don), and E.L. formed a farm partnership. Emerson originally contributed the capital of $34,188.48. E.L. and Don acquired one-fourth interests by executing notes for $8,547.12 to Emerson. E.L. made one payment of $1,062.20 on January 15, 1960. When the partnership was dissolved on March 1, 1984, E.L. had made no further payments on the note.

In *Prange I,* this Court held that Emerson, as a creditor of the partnership, was entitled to a recoupment in the amount of E.L.'s unpaid promissory note. *Id.* at 591. The $8,547.12 note had an issue date of

January 17, 1956. E.L. made one payment of $1,062.20 on January 15, 1960. The rate of interest and the due date were blank. By its terms, the note provided that

> E.L. Prange, Jr., after date, for value received, ... promise[s] to pay to the order of Emerson and Helen Prange Eight Thousand five hundred forty-seven and 12/100 dollars ... with interest at the rate of _____ percent per annum from _____ until paid, payable _____ annually, and if the interest be not paid when due to become principal and bear interest at the same rate, and failure to pay interest when due shall at option of holder of this note, mature the entire note, principal and interest.

This Court followed § 400.3–118(d) RSMo 1986 and supplied the interest rate at six percent. *Id.* The Court further determined that E.L.'s judgment should be "reduced by $8,547.12, the amount of the note, plus six percent interest from January 17, 1956 to February 3, 1986, less the payment made of $1,062.20." *Id.*

The trial court on remand determined that this Court's description of the necessary calculation did not allow compounding. Consequently, the trial court reduced E.L.'s judgment by $8,547.12, the amount of the note, and $15,408.68, simple interest at six percent from January 17, 1956 to February 3, 1986. The trial court then reduced this recoupment by $1,062.20, the amount of E.L.'s payment, which left a recoupment of $22,893.60. E.L.'s judgment with interest calculated to February 3, 1986, was $315,-732.27. After the trial court amended for recoupment, E.L.'s judgment was $292,-838.67.

Appellants raise two points on appeal but both assert that the trial court erred in calculating the interest as simple interest when the terms of the note expressly call for interest compounded annually.

▮ Nothing in this Court's earlier opinion indicates an intention to alter the express terms of the note. The principle of law is well-established that, in contract interpretation, the role of the court is to ascertain the intention of the parties and to give effect to that intention. *Edgewater Health Care v. Health Systems Mgt.*, 752 S.W.2d 860, 865 (Mo.App.1988). The note herein expressly provides that the interest was payable annually; and, if not paid annually, the interest was "to become principal and bear interest at the same rate." This Court merely supplied the interest rate of six percent and set a due date, February 3, 1986. Consequently, the proper calculation is to compound the interest annually from the date of the note, in accordance with the terms of the note. Appellant is entitled to a full recoupment of the value of the note or $44,381.79.[1]

▮ Appellants contend the value of the note should reduce E.L.'s interest in the partnership as of the dissolution date, March 1, 1984, and before any interest is calculated on E.L.'s judgment. Although this might have been appropriate had this Court in its earlier opinion fixed the note's due date as the dissolution date, the note cannot be deducted until it is due. According to the original summary of calculations by the trial court, E.L.'s share of the partnership plus interest as of the date the note was due was $315,732.27. This amount reduced by the recoupment of $44,381.79 leaves a judgment for E.L. of $271,350.48.

▮ In examining whether the recoupment could appropriately be made at the dissolution date of March 1, 1984, before E.L. received any interest on his share, this

---

1. The value of the note was calculated as follows:

| | | |
|---|---|---|
| Amount of the note 1–17–56 | $ 8,547.12 | |
| Interest on $8,547.12 was compounded annually at the rate of 6% for the period of 1–17–56 to 1–16–60 (4 years). | | |
| Value of the note on 1–17–60 | 10,790.54 | |
| Less payment on 1–15–60 | 1,062.20 | |
| Net value of note on 1–17–60 | 9,728.34 | |
| Interest on $9,728.34 was compounded annually at the rate of 6% for the period of 1–17–60 to 1–16–86 (26 years). | | |
| Value of the note on 1–17–86 | | 44,257.95 |
| Interest on $44,257.95 was compounded annually at the rate of 6% for the period 1–17–86 to 2–3–86 (17 days). | | |
| Final value of the note on 2–3–86 | | $44,381.79 |

Court noted several suspect calculations. These calculations were not the subject of this appeal and the record before us is insufficient to determine either the accuracy of or the reason for these calculations.[2] This Court is, however, constrained to accept these calculations because "[a] decision by our court is the law of the case on all points raised and decided and our decision continues to govern throughout all subsequent proceedings both in the trial and the appellate courts and no issue decided in the first appeal will be readdressed in the second." *Southwestern Bell Tel. Co. v. Buie,* 758 S.W.2d 157, 161 (Mo.App. 1988).

Assuming as we must that the suspect calculations are correct, E.L. was due a total of $271,350.48 on both money and capital accounts. That amount would be further reduced by $3,500 for Emerson's award of damages for assault, leaving a balance of $267,850.48. Interest accrued on this amount at nine percent from February 4, 1986 to May 5, 1986, when Appellant paid $200,000. That interest amounted to $5,944.08, or a total of $273,794.56. Subtracting the $200,000 payment results in a balance of $73,794.56.

Appellants made another payment of $69,515.18 on October 24, 1988. Interest on $73,794.56 from May 5, 1986 to October 24, 1988 was $16,395.22, making a total of $90,189.78 due on October 24, 1988. Appellants' payment of $69,515.18 left a balance due of $20,674.60. Simple interest at nine percent accrues on that amount at the rate of $1860.71 per year or $5.10 per day.

We modify the judgment to allow compounding of the interest on the note as demonstrated above and affirm the judgment as modified.

SIMON, C.J., and CRANDALL, J., concur.

---

**2.** The first questionable calculation is the calculation of interest on the contribution of $21,782.94 that Emerson made in 1973. The record is unclear as to why interest was calculated from January 1, 1973 to February 3, 1986, and what rate of interest was used. The court deducted $40,403.38 as interest on this contribution from the total money accounts. Over a period of thirteen years and thirty-three days, assuming interest should have accrued from the contribution date at six percent simple interest, the interest on $21,782.94 would be $17,108.88, not $40,403.38. Even if the present judgment rate of nine percent were used, the interest would only be $25,663.19. Furthermore, there is no explanation why any interest accrued on this contribution. There was no note, and the amount is described as recoupment.

The issue of whether Emerson was entitled to a recoupment for his 1973 contribution is clearly settled by *Prange I* and is law of the case. *See Prange I,* 755 S.W.2d at 593–94. However, this Court in *Prange I* did not address the issue of interest on the recoupment. The record now before this Court is limited to the proper interest calculations on the 1956 note.

Secondly, the trial court then subtracts that interest, $40,403.38, calculated through February 3, 1986, from the Total Money Accounts to obtain a figure labeled "Net Money to be distributed 3-1-84." Almost two years of that interest, however, had not yet accrued as of March 1, 1984.